**Thomas TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00174–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 8, 2000.

Decided March 8, 2000.

Discretionary Review Refused Aug. 30, 2000.

## OPINION

Opinion by Chief Justice CORNELIUS.

 Thomas Taylor appeals his conviction for possession of more than five pounds but less than fifty pounds of marihuana.[1] After the trial court denied Taylor's motion to suppress, Taylor pleaded guilty. The trial court found Taylor guilty and assessed his punishment, enhanced by a prior felony conviction, at four years' imprisonment. In three points of error, Taylor contends that the trial court erred in denying his motion to suppress.[2] Specifically, he contends that the officer (1) lacked probable cause to justify the detention and search; (2) conducted a custodial interrogation before giving *Miranda*[3] warnings; and (3) was required to obtain a warrant before searching a closed container. We overrule these points and affirm the conviction.

On May 6, 1997, Thomas Taylor was driving his pickup truck northbound on Highway 59 in Angelina County when Constable Eddie Horton stopped him for not wearing his seat belt. As Horton approached the truck, he detected an odor of marihuana and saw Taylor opening his door. Horton told Taylor why he stopped him and moved Taylor to the rear of the truck, where they continued to discuss the traffic violation. Horton directed Taylor to remain standing behind the truck, went to his patrol car, checked Taylor's driver's license, called for a back-up unit, then returned to Taylor. A back-up officer, Officer Ricky Byerly, arrived. When Horton first approached the truck, he noticed a cardboard box in the truck bed that he now suspected contained marihuana. Horton asked Taylor for his permission to search the vehicle, and Taylor gave his

Mary Casey Newton, Houston, for appellant.

Clyde M. Herrington, Dist. Atty., Albert John Charanza, Asst. Dist. Atty., Lufkin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

---

1. The offense is a violation of Tex. Health & Safety Code Ann. § 481.121(a), (b) (Vernon Supp.2000).

2. A defendant who pleads guilty in a felony or misdemeanor case may appeal from the trial court's ruling on a pretrial motion to suppress, whether or not the plea is a result of a plea agreement. *See Young v. State,* 8 S.W.3d 656 (Tex.Crim.App.2000).

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

consent, saying, "Go ahead." Howard asked Taylor what was in the cardboard box, and Taylor replied, "Toys." Horton then asked how much marihuana was in the box, and Taylor admitted, "Approximately twenty-four pounds." Horton opened the box and discovered that it contained marihuana. He searched the cab of the truck and the tool box in the truck bed, but found no other marihuana. Byerly handcuffed Taylor and gave him his *Miranda* warnings.

In his first point, Taylor does not dispute that if Horton had indeed smelled marihuana, he would have been justified in conducting the detention and search. He contends only that under the circumstances it was factually impossible for Horton to have smelled marihuana. He reasons that humans have difficulty detecting the faint odor of narcotics, as evidenced by the invariable use of canine sweeps. He argues that there was no evidence that Taylor had smoked or burned the marihuana, that the odor of marihuana was on Taylor's clothing, or that the marihuana was in plain view. The evidence showed, instead, that the marihuana was in a sealed box in the open bed of a pickup truck. Under these circumstances, Taylor contends it could not reasonably be believed that Horton detected an odor of marihuana and, therefore, the trial court abused its discretion in making that finding. Taylor thus reasons that probable cause did not exist to justify the detention and search.

■ The trial court overruled Taylor's motion to suppress without stating its reason. Where the record contains the ruling but no findings of fact or conclusions of law, the appellate court must presume that the trial court found whatever facts were needed to support its ruling, provided that the findings are supported by the record. *Butterfield v. State*, 992 S.W.2d 448, 458 (Tex.Crim.App.1999). Absent findings of fact and conclusions of law, we must affirm the trial court's judgment on any legal theory finding support in the pleadings and evidence. *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 445 (Tex.1997). Taylor complains that the trial court abused its discretion in finding that the record supported probable cause.

■ We review the trial court's ruling on a motion to suppress using the standards set forth in *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App.1997). Issues of probable cause and reasonable suspicion are "mixed questions of law and fact," or "application of law to fact questions." *Id.* at 87, 89. The amount of deference a reviewing court affords to a trial court's ruling on a mixed question of law and fact often is determined by which judicial actor is in a better position to decide the issue. *Id.* at 87. Where the facts are undisputed and the issue is whether the officer had probable cause to seize a suspect, the trial court is in no better position than the reviewing court to determine probable cause. Thus, where issues of credibility are not involved, the reviewing court determines *de novo* whether reasonable suspicion or probable cause existed. *Id.* However, if the ultimate issue of whether probable cause existed turns on a witness's credibility and demeanor, the reviewing court must afford almost total deference to the trial court's application of the law to the facts. *Id.* at 89. A question turns on an evaluation of credibility and demeanor when, as here, the testimony of one or more witnesses, if believed, is enough to establish what is needed to decide the substantive issue. *Loserth v. State*, 963 S.W.2d 770, 773 (Tex.Crim.App.1998). Taylor does not dispute that an officer who detects an odor of marihuana has probable cause to search a vehicle; he disputes only that Horton actually detected an odor of marihuana and thus that probable cause existed. At Taylor's suppression hearing, Horton was the only witness to testify. The question of probable cause turned on Horton's credibility, and we will review the trial court's ruling on the motion to suppress for abuse of discretion. *Guzman v. State*, 955 S.W.2d at 89. Under this stan-

dard, we view the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Id.* (citing *Villarreal v. State,* 935 S.W.2d 134, 139 (Tex.Crim.App.1996)). We will sustain the trial court's ruling if it is reasonably supported by the record. *Villarreal v. State,* 935 S.W.2d at 139..

■ Viewing the evidence in the light most favorable to the trial court's ruling, we find that it reasonably supports the ruling. At Taylor's suppression hearing, Horton testified that he had smelled marihuana in the past on many occasions and that when he approached Taylor's truck, he "could smell the odor of marijuana coming from somewhere on the truck." He testified that he had noticed no signs of marihuana having been smoked in the cab of the truck, but that he was capable of smelling green marihuana, or marihuana that had not been burned. In fact, he stated that he had more exposure to green marihuana than he had to burnt marihuana. He explained that he makes no distinction between the odors, and that "marijuana that's green smells as loud as marijuana that's being burnt...." When Horton approached the truck, the cardboard box containing marihuana was sitting not in the cab of the truck but in the truck bed, an unenclosed space. Also, the box was closed and sealed across the top and sides with tape. However, Horton testified that he was able to smell the marihuana because "the marijuana in the box was not packed, it was just in a garbage sack and that's why the smell was getting out of the box. It wasn't wrapped in fabric softener or anything like they do most of it, it was just in a garbage sack stuck in the box."

Here, the record supports Horton's conclusion that green marihuana has a distinctive odor and that such odor may be detected by an individual who is just a few feet away.. Texas courts have found probable cause for searches and arrests based on officers having detected an odor of marihuana in their vicinity, where there was

no evidence that the marihuana had been burned. *See, e.g., Razo v. State,* 577 S.W.2d 709, 711 (Tex.Crim.App. [Panel Op.] 1979); *Carr v. State,* 904 S.W.2d 882, 885 (Tex.App.-Eastland 1995, pet. ref'd); *Delosreyes v. State,* 853 S.W.2d 684, 690 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd). To the extent that the trial court's determination was influenced by Horton's demeanor and credibility, the trial court, as the trier of fact and judge of the credibility of the witnesses, was free to believe or disbelieve Horton when he testified that he is familiar with the odor of green marihuana and that he detected an odor of marihuana as he approached Taylor's truck. This testimony is not so incredible that we can say the trial court abused its discretion in believing it. We therefore hold that on this factual point, the record supports the trial court's finding that Horton detected an odor of marihuana, and that the trial court did not abuse its discretion in finding probable cause existed.

■ As noted earlier, in the absence of findings of fact and conclusions of law, we must affirm the trial court's judgment on *any* legal theory finding support in the pleadings and evidence. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.,* 938 S.W.2d at 445. One legal theory finding support in the record is that of consent. At the suppression hearing, Horton testified that after he detected an odor of marihuana and called for a back-up unit, he asked Taylor for his consent to search the vehicle. Horton testified that "[Taylor] immediately said go ahead." Taylor did not dispute Horton's testimony, nor did he offer any argument that his statement did not constitute consent.

We review the trial court's ruling on a motion to suppress for abuse of discretion when the trial court's fact findings are based on an evaluation of the credibility and demeanor of the witnesses. *See Guzman v. State,* 955 S.W.2d at 89. Therefore, we view the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court's

ruling, and we sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Villarreal v. State,* 935 S.W.2d at 138. Although Taylor did not raise the issue of consent on appeal, we find that the record reasonably supports a ruling that Taylor gave his consent.

Taylor also contends that the traffic stop was not based on probable cause but was a pretext to look for criminal activity. The pretext arrest doctrine is no longer viable in this state. *Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App. 1992). An officer who has a reasonable suspicion that a motorist committed a traffic violation may stop and detain the motorist to investigate the traffic violation. *Garcia v. State,* 827 S.W.2d at 944; *Drago v. State,* 553 S.W.2d 375, 377–78 (Tex. Crim.App.1977). If the officer develops a reasonable suspicion that the motorist is engaged in, or soon will engage in criminal activity, he may continue to detain him for investigation unrelated to the initial traffic stop. *Davis v. State,* 947 S.W.2d 240, 245 (Tex.Crim.App.1997) (citing *Crockett v. State,* 803 S.W.2d 308, 311 (Tex.Crim.App. 1991)). The odor of marihuana alone provides reasonable suspicion of criminal activity to justify a continued detention until a canine sweep can be performed. *Mohmed v. State,* 977 S.W.2d 624, 628 (Tex.App.-Fort Worth 1998, pet. ref'd). During the detention, an officer must develop probable cause to believe that contraband is concealed within the vehicle in order to search the vehicle. *Chambers v. Maroney,* 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). As Taylor concedes, the odor of marihuana is sufficient to constitute probable cause to search a detainee's vehicle or objects within his vehicle. *Hernandez v. State,* 867 S.W.2d at 907.

In his second point, Taylor contends that he was in police custody at the time Horton began questioning him about what was in the box, so the questioning amounted to a custodial interrogation requiring *Miranda* warnings. He con-

tends that because no *Miranda* warnings were given, evidence of the marihuana should have been suppressed. The State maintains that this point was not raised in the trial court for the court's consideration and therefore is not properly before us. We agree. In his motion to suppress and at the conclusion of the suppression hearing, Taylor argued only that Horton could not have smelled an odor of marihuana and therefore lacked the probable cause necessary to justify stopping him and searching his truck. An objection stating one legal basis may not be used to support a different legal theory on appeal. *Rezac v. State,* 782 S.W.2d 869, 871 (Tex.Crim.App.1990); *Fultz v. State,* 940 S.W.2d 758, 760 (Tex. App.-Texarkana 1997, pet. ref'd). Here, because the trial court was not given an opportunity to rule on the legal theory advanced on appeal, the point was not preserved for our review. *Rezac v. State,* 782 S.W.2d at 871.

In his third point, citing *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), Taylor acknowledges that where police officers have probable cause to search a vehicle, they also may search its contents. However, he relies on *Ross* for the proposition that where an officer has probable cause to believe a container within a vehicle rather than the vehicle itself contains contraband, the officer must obtain a warrant before searching the container. Taylor contends that Horton did not have probable cause to search the truck but had probable cause to search only the box, the purported obvious focus of his search, and therefore must have obtained a warrant before searching the box. Again, Taylor argued to the trial court only that Horton could not have smelled an odor of marihuana and therefore lacked the probable cause necessary to justify searching his truck; he did not argue that Horton had probable cause to search the box, but that he needed a warrant to conduct a search of the box. An objection stating one legal basis may not be used to support a different legal theory

on appeal and presents nothing for our review. *Rezac v. State,* 782 S.W.2d at 871.

For the reasons stated, the judgment of the trial court is affirmed.