NO. 07-06-0154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 15, 2008
_____

TERENCE ELLIS CHANEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY;

NO. 692029; HONORABLE NANCY HOHENGARTEN, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Terence Chaney appeals from the trial court's denial of his pre-trial motion to suppress evidence in his prosecution for driving while intoxicated. On appellant's plea of no contest after the motion to suppress was denied, the trial court sentenced appellant to 180 days in jail probated for a period of two years. We will reverse.

Background

The evidence appellant sought to suppress was obtained after his vehicle was stopped by an Austin police officer identified in the record as Officer Hernandez. Appellant's motion asserted, *inter alia*, that the warrantless stop violated the Fourth Amendment to the United States Constitution's protection against unreasonable seizures.

The trial court held a hearing on the motion to suppress. Officer Hernandez did not testify at the hearing. The State's evidence was presented through the testimony of Officer Michael Larosa. After the trial court's denial of appellant's motion, and his agreed no-contest plea and sentencing, the trial court certified his right to appeal its ruling on his pre-trial motion to suppress.[1]

Via his sole point of error, appellant renews his challenge to the constitutional validity of the stop of his vehicle. He contends the State failed to demonstrate that Officer Hernandez possessed articulable facts giving him a reasonable suspicion appellant had violated the law.

## Applicable Law

*Standard of Review*

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). In a suppression hearing, the

---

[1] *See* Tex. R. App. P. 25.2(a)(2).

trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000). Under the applicable standard, we will review the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Villarreal v. State,* 935 S.W.2d 134, 139 (Tex.Crim.App. 1996); *Taylor v. State,* 20 S.W.3d 51, 54-55 (Tex.App.–Texarkana 2000, pet. ref'd).

Accordingly, when reviewing an appeal from the trial court's denial of motion to suppress, great deference is afforded to the trial court's decision on mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). However, for mixed questions of law and fact which do not fall within this category, an appellate court may conduct a *de novo* review of the trial court's ruling. *Hernandez v. State*, 957 S.W.2d 851, 852 (Tex.Crim.App. 1998) (citing *Guzman*, 955 S.W.2d at 89)). Additionally, the trial court's determination of whether the facts give rise to reasonable suspicion is reviewed *de novo* on appeal. *Loesch v. State*, 958 S.W.2d 830, 832 (Tex.Crim.App. 1997). Finally, if the trial court's decision is correct on any theory of law applicable to the case, we will uphold that decision. *Ross*, 32 S.W.3d at 855-56; *Singleton v. State,* 91 S.W.3d 342, 347 (Tex.App.–Texarkana 2002, no pet.).

When the trial court, as here, does not file findings of fact concerning its ruling on a motion to suppress, we assume that the court made implicit findings that support its ruling, providing those implied findings are supported by the record. *Maxwell v. State,* 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). We therefore review the evidence in a light most

favorable to the trial court's ruling. *Id., citing State v. Ballard,* 987 S.W.2d 889 (Tex.Crim.App. 1999).

*Standard for Traffic Stop*

It was the State's burden at the suppression hearing to show officers had at least a reasonable suspicion that appellant had either committed an offense or was about to do so before making the warrantless stop. *Richardson v. State,* 39 S.W.3d 634, 638 (Tex.App.–Amarillo 2000, no pet.). That determination is based on the totality of the circumstances. We must look at all of the facts together to make the reasonable suspicion determination. *Loesch,* 958 S.W.2d at 832.

An investigatory stop of a vehicle or person by the police does not violate the Fourth Amendment if articulable facts support a reasonable suspicion that the vehicle or person stopped has been or is involved in criminal activity. *United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). A reasonable suspicion exists if a reasonable person in the position of the officer making the stop, with the training and experience of the officer, and with the knowledge possessed by the officer, could suspect that the vehicle or person stopped has been or is connected to criminal activity. *Cortez,* 449 U.S. at 421-22. *See also Ford v. State,* 158 S.W.3d 488, 492 (Tex.Crim.App. 2005) ("[r]easonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity"). In such a case, the officer may investigate by stopping the individual in order to determine his

4

identity, posing questions to him or detaining him briefly while attempting to obtain further information. *Delk v. State,* 855 S.W.2d 700, 710 (Tex.Crim.App. 1993), *cert. denied,* 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993).

## Application

Officer Larosa's testimony at the suppression hearing was brief. As the trial court announced its denial of appellant's motion, the court said, "I do think that I can glean from the testimony of the officer that there was information available to stop your client." Reviewing *de novo* the trial court's conclusion that evidence presented at the hearing was sufficient for a reasonable suspicion finding, viewing the officer's testimony in the light most favorable to the court's denial of the motion and giving effect to every reasonable inference the trial court could have drawn from the testimony, we reach the contrary conclusion.

Larosa testified that Officer Hernandez stopped appellant based on information from a police "broadcast." According to his testimony, the broadcast was made after Larosa spoke with a civilian witness, Carlos Montoya, who reported he saw a black pickup truck drive into a median area, strike a concrete sign and drive away. Larosa's testimony does not reveal where his conversation with Montoya occurred. Nor does Larosa's testimony describe, except in the most general way, what Montoya told him.[2]  Considering his

[2] The record of the suppression hearing contains this exchange:

Q. All right.  And did Mr. Montoya describe to you what he observed?
A. Yes, he did.
Q. Okay.  And did he describe the vehicle that was being driven?
A. Yes, he did.
Q. And did he describe what the driver looked like?

5

testimony as a whole, and in the light most favorable to the trial court's ruling, the court reasonably could have inferred Montoya reported the details we have described.[3]

The most specific information concerning Officer Hernandez's basis for his stop of appellant came from this exchange during Larosa's testimony:

Q:    [A]fter speaking with Mr. Montoya, did you later hear from Officer Hernandez?

A:    Yes.

Q:    Did he inform you that he had stopped a truck matching the description?

A:    Yes.

Q:    And did he bring the driver of that truck to your location, or did you go to his location?

A:    I went to his location.

---

A.    Yes, he did.
Q.    What did you do with that information?
A.    Well–
Q.    Did you then broadcast that information?
A.    I don't know if I did or not.  I don't remember.

Appellant argues Larosa here testified he did not remember whether he broadcast the information Montoya provided.  We agree with the State that the trial court could have considered the testimony merely to indicate that Larosa could not remember whether he, rather than another, made the broadcast.  From the entirety of the testimony, it is clear that a broadcast was made.

[3] The clerk's record contains an affidavit with additional details, but we agree with appellant that the record does not indicate the affidavit was before the court.  Therefore, we will not consider it here.  *See Domingo v. State,* 82 S.W.3d 617, 620 (Tex.App.–Amarillo 2002, no pet.), *citing Rachal v. State,* 917 S.W.2d 799, 809 (Tex.Crim.App. 1996), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996) (general rule is that only evidence adduced at the suppression hearing is considered in appellate review because the ruling was based on that evidence rather than evidence introduced later).

Officer Larosa went on to testify to his encounter with appellant, his administration of field sobriety tests and his conclusion that appellant was intoxicated.

Appellant and the State cite the statement in *Amores v. State,* 816 S.W.2d 407, 414 n.10 (Tex.Crim.App. 1991), that where a police radio broadcast is relied on as the basis for a detention, the focus is usually on the information known to the dispatcher of the broadcast.[4] Case law establishes that an officer may stop a vehicle based at least in part on facts supplied by another person. *See, e.g., Brother v. State,* 166 S.W.3d 255, 257 (Tex.Crim.App. 2005) ("factual basis for stopping a vehicle need not arise from the officer's personal observations, but may be supplied by information acquired from another person").[5]

The question here is whether the trial court was presented with articulable facts sufficient to connect appellant with the unusual activity Montoya reported. We find it was not. As noted, Larosa's testimony at the suppression hearing told the trial court that

---

[4] Related case law holds that a police broadcast, if based on reliable information furnished by an otherwise credible, known private citizen whose only contact with the police or criminal activity results from having witnessed a criminal act, may be sufficient to provide an officer with probable cause to stop persons matching the description for investigatory purposes. *Esco v. State,* 668 S.W.2d 358, 360 (Tex.Crim.App. 1982). For purposes of this opinion, we will assume, without deciding, that the State's evidence warrants a conclusion the information provided by Montoya was sufficiently reliable to form a basis for reasonable suspicion that the driver of the black pickup was connected with criminal activity. *See State v. Griffey*, 241 S.W.3d 700, 704-05 (Tex.App.–Austin 2007, pet. ref'd) (discussing reliability of information reported to police by citizen).

[5] The Court of Criminal Appeals also noted in *Brother* that federal courts and lower Texas courts "have consistently held that a stop based on facts supplied by a citizen-eyewitness, which are adequately corroborated by the arresting officer, do not run afoul of the Fourth Amendment." 166 S.W.3d at 259 (internal citations omitted).

Montoya described what he saw, described the vehicle involved and described the driver. But the testimony did not give the court Montoya's descriptions, providing only the meager fact that a black pickup was involved.[6] Similarly, the court was told that Hernandez reported stopping "a truck matching the description." But missing entirely from the testimony was evidence of the specific, articulable facts that caused Hernandez to conclude the truck matched "the description." The court was not even told how near or far from Montoya's report, in time or distance, Hernandez's stop of appellant occurred. Whether Larosa or another officer made the broadcast, the evidence here did not give the trial court the facts known to the broadcasting officer, or the facts included in the broadcast, nor did it show the court how the broadcasted information led to Hernandez's stop of appellant.

In *Ford,* the Court of Criminal Appeals reiterated the necessity of evidence allowing courts addressing motions to suppress to determine the circumstances by which an officer has concluded that a person actually was, had been, or soon would have been engaged in criminal activity. "When a trial court is not presented with such facts," the court pointed out, 'the detention cannot be subjected to the more detached, neutral scrutiny of a judge who must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances.'" *Ford,* 158 S.W.3d at 493*, quoting Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Finding the State did not meet its burden at the suppression hearing to show Officer Hernandez had a reasonable suspicion that appellant had committed an offense, we find the trial court abused its discretion by denying

---

[6] The State's brief urges that the trial court rationally could have inferred from the record that Larosa broadcast "a detailed description of the vehicle, including its make, color and license plate." We see no basis in Larosa's testimony for such an inference.

appellant's motion to suppress.  Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.


James T. Campbell
Justice


Do not publish.

9