NO. 07-07-0164-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 24, 2009
_____

ANTIONE DESHAN GENTRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,585-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Antione Deshan Gentry plead guilty to possession of a controlled substance and brings this appeal from the trial court's denial of his motion to suppress. Through one point of error, appellant contends that by denying his motion, the trial court abused its discretion. We affirm.

Background

After a traffic stop, appellant was charged by indictment with intentionally and knowingly possessing cocaine in an amount of one gram or more but less than four grams.[1] The indictment later was amended to include an enhancement paragraph based on a prior felony conviction. Thereafter, appellant filed a motion to suppress the evidence found during the stop, arrest, and search. Following a hearing, the trial court denied appellant's motion to suppress. Appellant, pursuant to a plea agreement, plead guilty to the offense charged and was sentenced to nine years of imprisonment and a $1,000 fine. This appeal followed.

One witness, an Amarillo police officer, testified at the hearing on appellant's motion to suppress. He testified that about noon on the day in question he saw a vehicle with a temporary tag traveling ahead of him. He then observed the driver, identified later as appellant, make a wide right turn onto Sanborn Street. Concluding he had observed two traffic violations, one involving the tag and the other involving the wide turn, the officer conducted a traffic stop. When he made contact with appellant and requested his driver's license, appellant told him he did not have one. Appellant then got out of the car and the officer requested consent to search him because "[h]e was shaking" and said he didn't have any identification.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(c) (Vernon 2003). This is a third degree felony punishable by imprisonment for any term of not more than ten years or less than two years. Tex. Penal Code Ann. § 12.34 (Vernon 2003).

During his search of appellant, the officer located a wallet containing identification. The officer conducted a check on appellant's identification, finding seven outstanding warrants. The officer placed appellant under arrest on the warrants and double-checked the dealer's tags on the car to ensure the vehicle was not stolen. The officer determined that the tag was legitimate. The officer then searched the vehicle incident to arrest and found narcotics that resulted in appellant's present prosecution.

Analysis

In appellant's point of error, he contends the trial court abused its discretion by denying the motion to suppress evidence derived from the traffic stop as there was no "inherently illegal act" to justify the warrantless stop. Appellant does not appear to contest his arrest based on the outstanding warrants or the search incident to arrest.[2] Instead, he argues the initial stop was not based on reasonable suspicion. We will address only that contention.

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App.1999). In a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App.2000). Under the applicable standard, we will review the record evidence and all reasonable inferences

---

[2] The State contends also that the cocaine in appellant's possession would have been admissible in any event under the doctrine discussed in *Fletcher v. State,* 90 S.W.3d 419 (Tex.App.–Amarillo 2002, no pet.), in which we held drugs found during searches incident to the defendant's arrest after discovery of outstanding warrants were admissible without regard to the lawfulness of the initial detention. We do not address this contention.

therefrom in the light most favorable to the trial court's ruling. *Villarreal v. State*, 935 S.W.2d 134, 139 (Tex.Crim.App.1996); *Taylor v. State*, 20 S.W.3d 51, 54-55 (Tex.App.–Texarkana 2000, pet. ref'd).

In reviewing trial court rulings on matters such as motions to suppress, appellate courts afford almost total deference to trial court determinations of historical facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). However, detention and reasonable suspicion are by nature legal concepts and are properly subject to *de novo* review. *Hunter v. State,* 955 S.W.2d 102, 107 (Tex.Crim.App.1997); *Sanders v. State*, 992 S .W.2d 742, 744 (Tex.App.–Amarillo 1999, pet. ref'd). Accordingly, for purposes of Fourth Amendment analysis we give appropriate deference to the trial court's determination of historical facts, but we review the decision of the trial court *de novo* as to whether the historical facts, viewed from the standpoint of an objectively reasonable person so situated as was the police officer, amount to "reasonable suspicion" sufficient to justify an investigatory detention*. Ornelas v. United States*, 517 U.S. 690, 697-99, 116 S.Ct. 1657, 1661-62, 134 L.Ed.2d 911 (1996); *Guzman,* 955 S.W.2d at 89.

At the hearing, the officer testified that appellant's vehicle first attracted his attention because it had a dealer's or paper tag rather than a regular license plate. He noted that such tags may be suspicious, particularly if they are unreadable, because the police department commonly finds stolen cars with temporary tags covering the hard plates. He also testified that because of the variety of types of temporary tags, it is hard to tell exactly

what type of plate is on a car when driving behind it. Here, the officer said the tag was attached only in one place, causing it to flap and making it difficult to read in traffic.

With respect to appellant's right turn, the officer stated appellant turned into the center of Sanborn Street. The record indicates the residential street had no center stripe. The officer said appellant was "straddling" the center of the road as he turned, and agreed with the prosecutor that the center of appellant's car was in the center of the road.

Evidence showed that a pothole or deteriorated portion of the asphalt roadway was located on the right side of the roadway, about half a block, or "12 houses" from the intersection at which appellant made his turn. The officer said he stopped appellant based on both of his observed violations.[3]

While a police officer must have probable cause for a full custodial arrest, a mere stop of an individual for the purposes of investigation does not require such substantial justification. *Gajewski v. State,* 944 S.W.2d 450, 452 (Tex.App.–Houston [14th Dist.] 1997, no pet.), *citing Terry v. Ohio,* 392 U.S. 1, 20-22, 88 S.CT. 1868, 1879-81, 20 L.Ed.2d 889 (1968). Thus, for a temporary detention, an officer must have reasonable suspicion, shown through specific articulable facts, that some unusual activity is or has occurred, that the detained person is connected with the activity, and that the unusual activity is related to the commission of a crime. *Hoag v. State,* 728 S.W.2d 375, 378-80 (Tex.Crim.App.

---

[3] The officer testified he "had two violations: [t]he plates obscured to where I could not read it effectively from where I was patrolling to make sure that this license plate belonged on this vehicle. As I was trying to get this information, he made the wide right turn at which time I decided to go ahead and make the stop so I could more effectively read the plate."

5

1987).  This determination is based on the totality of the circumstances.  *Garcia v. State,* 43 S.W.3d 527 (Tex.Crim.App. 2001).  There is no requirement that a particular statute be violated in order to give rise to reasonable suspicion.  *Gajewski,* 944 S.W.2d at 452; *Lockett v. State,* No. 01-08-00225-CR, 2009 WL 40234, \*3 (Tex.App.–Houston [1ˢᵗ Dist.] Jan. 8, 2009, no pet.) (mem. op., not designated for publication).  The subjective intent of the officer is irrelevant to the determination of the existence of reasonable suspicion; instead, we apply an objective standard, inquiring only whether the evidence reveals an objective basis for the stop.  *Garcia*, 43 S.W.3d at  530*; Powell v. State,* 5 S.W.3d 369, 376-77 (Tex.App.–Texarkana 1999, pet. ref'd), *cert. denied,* 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000).

We find the trial court properly could have concluded the officer testified to facts giving rise to a reasonable suspicion appellant violated a traffic law in the manner of his right turn.[4]  Appellant and the State both refer to section 545.101 of the Transportation Code, which requires a driver to make right turns as closely as practicable to the right-hand curb or edge of the roadway.  Tex. Transp. Code Ann. § 545.101(a) (Vernon 1999).  At the hearing, appellant relied on the obstruction in the road to explain his wide turn.  *See* Tex. Transp. Code Ann. § 545.051(a)(2) (Vernon 1999) (requiring driving on the right half of the roadway unless, *inter alia*, an obstruction necessitates moving to the left).  But evidence shows that the pothole or deteriorated asphalt was not located at the intersection but was "12 houses" down the street from the intersection.  The trial court was free to determine

---

[4] Because we conclude the trial court's action was correct under this theory, we do not further address the officer's testimony concerning the temporary tag.

6

the weight to be given the evidence of an obstruction in the road. There also was some uncertainty in the testimony as to whether appellant's vehicle was merely near the center of Sanborn or was in the center of the street, but the trial court was free also to accept the testimony he was "straddling" the center. *See Guzman,* 955 S.W.2d at 89; *Ross*, 32 S.W.3d at 855-56.

Appellant contends our determination of the reasonableness of the stop should be controlled by *Hernandez v. State,* 983 S.W.2d 867, 869 (Tex.App.–Austin 1998, pet. ref'd). There, the officer stopped a vehicle immediately after observing it drift briefly over the white line dividing two lanes of traffic traveling in the same direction. The court concluded that this single brief instance of drifting slightly into an adjacent lane of traffic did not alone provide the officer with reasonable suspicion that a criminal traffic offense had been committed. *Id.* A similar conclusion was reached in *Ehrhart v. State,* 9 S.W.3d 929 (Tex.App.–Beaumont 2000, no pet.) involving an allegation of lane straddling, and *State v. Tarvin,* 972 S.W.2d 910, 912 (Tex. App.–Waco 1998, no pet.) involving an allegation of lane drifting. As the State points out, each of these cases involved suspected violations of the statute requiring drivers to drive within a single lane of traffic. *See* Tex. Transp. Code Ann. § 545.060 (Vernon 1999). That statute further provides a driver may not move from the single lane unless that movement can be made safely. *Id.* at 545.060(a)(2). The holdings of the cases on which appellant relies depended at least in part on the absence of evidence the defendant's action of crossing a lane dividing line was unsafe. *See, e.g., Hernandez*, 983 S.W.2d at 870-71. Transportation Code § 545.101, on which the State

7

relies here, contains no exception for deviations made safely.  *See* Tex. Transp. Code Ann. § 545.101(a) (Vernon 1999).  Appellant's cited cases are thus inapposite.

The evidence presented at the hearing on appellant's motion to suppress supports the trial court's ruling.  Accordingly, we overrule appellant's sole point of error on appeal and affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.