Opinion issued April 26, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00726-CR

———————————

Kerwin Darvell Simpson, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 338th District Court 

Harris County, Texas



Trial Court Case No. 1199359

 



MEMORANDUM OPINION

          Appellant
Kerwin Darvell Simpson was charged by indictment with possession with intent to
deliver a controlled substance weighing more than four grams but less than two hundred
grams.  See Tex. Health & Safety
Code Ann.
§ 481.1121
(West 2010).  Following the trial court’s
denial of Simpson’s pre-trial motion to suppress, Simpson pleaded nolo
contendre to a lesser charge of possession with intent to deliver a controlled
substance with an aggregate weight of one gram but less than four grams.  Id.  The trial court sentenced Simpson to two
years in prison.  In his sole issue on
appeal, Simpson contends that the trial court erred in overruling his pre-trial
motion to suppress.  We affirm.

Background

Simpson filed a pre-trial
motion to suppress evidence recovered by the police during a traffic stop.[1]  Simpson argued that because the police
officers did not have probable cause to stop his car or detain and search his
person, the cocaine and money recovered by the police during the search were
inadmissible.  During a hearing on the
motion to suppress, Lieutenant J. Crowson of the Houston Police Department testified
that on January 15, 2009 he was on patrol in an unmarked police vehicle in the
Sunny Food Store parking lot near the 4100 block of West Bellfort.  Crowson was surveilling the parking lot in
response to reports of narcotics and prostitution activity.  Crowson observed Simpson, George Robinson, Warren
Robinson, and two women move back and forth between two cars in the parking lot.  Crowson testified that he became suspicious of
their activity because the two cars were parked away from the door of the Food
Mart, the occupants moved between the cars with frequency and only one member
of the group, a woman, actually entered the Food Mart.  Crowson radioed Officers Tabor and Rippey,
who were nearby in a marked police unit. 
Crowson asked Tabor and Rippey to be ready to assist him if necessary.  After about twenty minutes, Simpson, Warren,
and George left the parking lot in a Dodge Magnum and the women left in a
separate car.  As he drove out of the
parking lot, Simpson failed to make a turn that was as close as practicable to
the right-hand curb.  As Crowson followed
the Magnum he saw Simpson make a left turn from a lane other than the extreme
left-hand lane that was lawfully available. 
Crowson testified that both the right turn out of the parking lot and Simpson’s
left turn from a lane other than the extreme left-hand lane were traffic
violations.  Crowson radioed to Officers Tabor
and Rippey and asked them to stop the Magnum. 
Crowson, who was in plainclothes, remained in his vehicle during the
initial stop and waited until the officers began to detain Simpson, Warren, and
George before assisting at the scene.  Crowson
decided to help with the detention once he observed that one of the men, George,
appeared to be wandering away from the car. 
Crowson testified that as he approached the Magnum he could smell the
odor of marijuana.  Crowson did not
participate in the search of the vehicle or the men.

Officer Tabor testified
that he did not personally observe the same traffic violations as Crowson, but began
to follow the Magnum at Crowson’s request. 
While driving behind the Magnum, Tabor noticed that the Magnum’s paper license
plate was missing a date of sale and that it lacked a required Texas emblem.  Following Crowson’s instructions, Tabor and
Rippey activated their emergency lights and pulled the car over.  The officers saw Simpson sitting in the
driver’s seat, George sitting in the front passenger seat, and Warren in the
back seat.  Tabor testified that both he
and Rippey approached the vehicle and asked that all of the windows be rolled
down.  According to Tabor, after all of the
windows had been rolled down he could smell the odor of bulk, unburned marijuana.  Tabor and Rippey asked the three occupants to
step out of the car and all three men were put in handcuffs.  Tabor testified that the officers patted down
George, Warren, and Simpson and found a large amount of money in each of their
pockets.  The officers did not locate any
weapons or hard objects on the men.  The
officers placed the money on the front seat of the police vehicle.  Tabor also stated that for safety reasons,
while the officers searched the car, they detained the men by putting two in
the back of the police car and having George stand handcuffed on the side of
the road.  

Tabor testified that while
searching under the driver’s side front seat of the car he located a plastic
bag that contained smaller bags.  Tabor
observed a white powdery substance inside the smaller bags.  Tabor also found, under the back side of the
same seat, a glass beaker containing a liquid and white powdery substance and a
whisk.  The white powdery substance
tested positive for cocaine in a field test.  Tabor testified that the officers did not
recover any marijuana inside of the car or on George, Warren, or Simpson.  According to Tabor, because the odor of marijuana
had been so strong but the officers could not locate the source during their
search, they radioed for the assistance of a canine unit to aid in locating a
hidden compartment or hiding place.  Although
the dog searched the car, Tabor testified that it did not alert the officers to
the presence of marijuana.  The officers
seized the money and arrested all three men for possession of a controlled
substance.  According to Tabor, only two
minutes passed between the start of the detention and the discovery of the
cocaine. 

The trial court overruled
Robinson’s motion to suppress and made findings of fact and conclusions of law.  Consistent with the officers’ testimony, the trial
court found that Simpson violated a traffic law by making a left turn from a
lane other than the extreme left lane.  The
court thus found that the stop was reasonable. 
The court found that the officers smelled marijuana when they made
contact with the occupants of the car.  It also found that all three men were involved
in suspicious activity outside the Sunny Food Store, that the activity occurred
just a few minutes before the officers smelled the marijuana coming from the
car, and that the Sunny Food Store was known for being a place where illegal
narcotic activity occurs.  Accordingly,
the trial court concluded that the officers had probable cause to search the
vehicle.  

The trial court found
that the seizure of the money from the men’s pockets was unjustified and
granted the motion to suppress the seized money.  However, the trial court denied the motion to
suppress the cocaine and paraphernalia discovered in the search.  Simpson entered a plea of nolo contendre to the
charge of possession
with intent to deliver a controlled substance with an aggregate weight of one
gram but less than four grams and was sentenced to two years in prison.  This appeal followed. 

Standard of Review

“In review of a trial court’s ruling on a motion to suppress, an
appellate court must apply a standard of abuse of discretion and overturn the
trial court’s ruling only if it is outside the zone of reasonable disagreement.”  Martinez v. State, 348 S.W.3d 919, 922
(Tex. Crim. App. 2011).  We use a bifurcated standard of review, giving
almost total deference to a trial court’s determination of historic facts
and mixed questions of law and fact that rely upon the credibility of a witness, but applying a de novo standard of review
to pure questions of law and mixed questions that do not depend on credibility
determinations.  Id. at 922–23.

In a hearing on a motion to
suppress, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  “When the trial court does file findings of
fact with its ruling on a motion to suppress, an appellate court does not
engage in its own factual review, but determines only whether the record
supports the trial court’s fact findings.”  Flores v. State, 177 S.W.3d 8, 13–14 (Tex. App.—Houston
[1st Dist.] 2005, pet. ref’d) (citing Romero State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).  Under this deferential standard of review, an
appellate court should only disturb a trial court’s findings of fact if they
are clearly erroneous.  See Manzi v. State, 88 S.W.3d 240, 243
(Tex. Crim. App. 2002) (quoting Anderson
v. City of Bessemer City, N.C., 470 U.S. 564, 105 S. Ct. 1504 (1985)).  “To determine whether a fact finder’s decision
is ‘clearly erroneous,’ appellate courts examine the record to see whether the ruling
leaves them with the ‘definite and firm conviction that a mistake has been
committed.’” Guzman v. State, 85
S.W.3d 242, 254 (Tex. Crim. App. 2002) (citing and quoting U.S. v. Fernandez, 887 F.2d 564, 567 (5th Cir. 1989)).  

Analysis

Simpson’s sole argument on appeal is
the trial court abused its discretion by finding that the officers had probable
cause to search the vehicle based on the odor of marijuana when a trained
police dog with a superior sense of smell, which arrived at the scene sometime
after the search, did not alert to the presence of marijuana in the
vehicle.  

Probable cause to believe a vehicle
contains evidence of a crime is sufficient to justify a search of a vehicle.  Powell
v. State, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994).  Probable cause exists when the facts and
circumstances, within the knowledge of the officer, would lead a person of
reasonable caution and prudence to believe that an instrumentality of a crime
or evidence will be found.  McNairy v. State, 835, S.W.2d. 101, 106 (Tex.
Crim. App. 1991); Autry v. State, 21
S.W.3d 590, 592 (Tex. App.—Houston
[1st Dist.] 2000, no pet.) (citing Moulden
v. State, 576 S.W.2d 817, 819 (Tex. Crim. App. 1978)).  “When determining probable cause, the focus is
on the facts and circumstances known to law enforcement officials at the time
of the search.”  Wiede v. State, 214 S.W.3d 17, 26 (Tex. Crim. App. 2007).  

Texas courts, including the Court of
Criminal Appeals, have held that an officer has probable cause to search a
vehicle based solely on the smell of marijuana. 
See Marsh v. State, 684 S.W.2d 676, 679 (Tex. Crim. App. 1984) (evidence
sufficient to show probable cause for search when officer testified that he smelled
marijuana as he approached appellant’s vehicle); Razo v. State, 577 S.W.2d 709, 711 (Tex. Crim. App. [Panel Op.]
1979) (odor of marijuana provided probable cause to search appellant’s vehicle);
Dickey v. State, 96 S.W.3d 610, 613
(Tex. App.—Houston [1st Dist.] 2002, no pet.) (officer who testified that he
smelled odor of raw marijuana when he opened appellant’s car door had probable
cause to search vehicle); Taylor v. State,
20 S.W.3d 51, 55 (Tex. App.—Texarkana 2000, pet. ref’d) (concluding same).  We therefore reject Simpson’s contention that an
officer’s testimony that he smelled marijuana is a problematic, tenuous ground
for probable cause to search a vehicle.  

We likewise reject Simpson’s contention
that the trial court abused its discretion by crediting the officer’s testimony
that he smelled marijuana and therefore had probable cause to search the
vehicle, because the trial court’s finding that there was an odor of marijuana is
supported by the record.  See Flores v. State, 177 S.W.3d at 13–14.  Specifically, the
trial court found that the “officers immediately developed probable cause to
search for marijuana because they smelled the strong odor of marijuana
emanating from the vehicle as soon as the occupants rolled down their windows
to give the officers their information.” 
This is supported by Tabor’s testimony that although he did not notice
the odor of marijuana when only the driver’s side window was rolled down, he did
smell the odor of marijuana when Simpson and the other occupants unrolled the
remaining windows.  The trial court’s
finding that the odor of marijuana was emanating from the vehicle is also
supported by Crowson’s testimony that he did not smell the odor of marijuana
until he was standing less than two or three feet away from the vehicle.  The fact that the trained canine, which
arrived at the scene sometime after the search, did not alert the officers to
the presence of marijuana does not change our conclusion, because whether
probable cause exists is determined from the facts and circumstances known to
the officers at the time of their search, not after it.  See
Wiede, 214 S.W.3d at 26.  We conclude
that trial court’s finding that the officers smelled marijuana emanating from
the vehicle was not clearly erroneous.  Manzi, 88 S.W.3d at 254 (quoting Anderson, 470 U.S. 564, 105 S. Ct. 1504).  Accordingly, we conclude that the trial court
did not err in denying Simpson’s motion to suppress the drugs and paraphernalia.  See
Dickey, 96 S.W.3d at 613 (officer who
testified he smelled odor of raw marijuana when he opened appellant’s car door
had probable cause to search vehicle); see
Williams v. State, No. 14-01-01250-CR, 2002 WL 31426293, at *3 (Tex.
App.—Houston [14th Dist.] Oct. 10, 2002, no pet.) (trial court did not err in
denying motion to suppress PCP found in appellant’s car when officer searched
car based on odor of marijuana even though no marijuana was found in vehicle).  

We overrule Simpson’s sole point of
error.  

Conclusion

We affirm the judgment of the trial court.  

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Jennings, Massengale, and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          The two occupants of the
vehicle, George Robinson and Warren Robinson, also moved to suppress this
evidence.  The trial court heard the
motions simultaneously.  George
Robinson’s appeal, 01-10-00727-CR, and Warren Robinson’s appeal,
01-10-00728-CR, are also before this court.